# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2020

Lyle W. Cayce
Clerk

No. 18-10931

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Team Resources, Incorporated; Fossil Energy Corporation; Kevin A. Boyles,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-1045

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before King, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Our previous decision in this appeal, *see SEC v. Team Resources, Inc.*, 942 F.3d 272 (5th Cir. 2019), has been vacated and remanded by the Supreme

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-10931

Court "for further consideration in light of *Liu v. SEC*, 591 U.S. ---[, 140 S. Ct. 1936] (2020)." *Team Resources, Inc. v. SEC*, No. 19-978, 2020 WL 3578673, at *1 (U.S. July 2, 2020). As relevant here, *Liu* held "that a disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief permissible under [15 U.S.C.] § 78u(d)(5)." 140 S. Ct. at 1940. *Liu* also discussed various "principles that may guide the lower courts' assessment" of the amount of disgorgement that may be lawfully awarded in particular cases. *Id.* at 1947; *see also id.* at 1947–50.

In this case, the district court did not have the benefit of *Liu*'s guidance when it determined the amount of disgorgement. Application of *Liu* to the facts of this case should be left in the first instance to the district court's sound judgment.

We therefore VACATE the judgment of the district court and REMAND the case for further proceedings consistent with the Supreme Court's decision in *Liu*.